CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

October 15, 2013

RE: *United States v. Ali Saboonchi, et al.*
    Criminal No: PWG-13-100

Dear Counsel:

    I have received the letter filed by the Government in the above-captioned case on October 7, 2013 ("Gov't's Letter"), ECF No. 83. While I appreciate the views expressed by counsel in that letter, I continue to believe that it is appropriate to issue a written opinion with respect to Defendant's Motion to Suppress, ECF No. 58.

    First, counsel is incorrect that a written opinion with respect to the Motion to Suppress would be an impermissible "advisory opinion." *See* Gov't's Letter 1. To the contrary, Defendant has moved to suppress certain evidence and the government has opposed the motion and presented evidence to support its position. This is an "actual controvers[y] arising between adverse litigants, duly instituted in [a] court[] of proper jurisdiction." *Muskrat v. United States*, 219 U.S. 346, 361 (1911). There is no question—and none has been raised—that Defendant's motion was properly brought and that it is within the Court's competence to rule on that motion. Nor does the Government's representation that it "does not intend to use any evidence obtained from the search at trial" now render the motion, which was opposed and has now been fully briefed and argued, "somewhat moot." Gov't's Letter 1.

    It would have been within my authority to reserve decision on Defendant's motion until after I had had the opportunity to complete and publish a written opinion. *See* Fed. R. Crim. P. 12(d) (requiring a ruling on motions before trial). Instead, I chose to place my views at that time on the record, and indicated that those same views—holding equal authority and equal precedential weight—would be embodied in a written opinion. The opportunity to present supplemental briefing on the issue was granted at the Government's request, not out of any intent to write an opinion that goes beyond the present case or this particular controversy between the parties. And in that supplemental briefing, the Government will have the opportunity to change my views on the applicability of the Fourth Amendment to the search at issue in this case.

    It is also clear that the issues presented by Defendant's Motion to Suppress are important, and that the current state of the law is unclear. Few courts have analyzed how far the government's authority at the borders may be taken, and recent decisions in *United States v. Cotterman*, 703 F.3d 952 (9th Cir. 2012), and *House v. Napolitano*, No. 11-10852-DJC, 2012 WL 1038816 (D. Mass. Mar. 28, 2012), have created ambiguity for Customs and Border Protection ("CBP") and for civilians alike. "[C]ases that raise novel legal issues may require

extended analysis of law and policy." Fed. Judicial Ctr., *Judicial Writing Manual: A Pocket Guide for Judges* 4 (2d ed. 2013).

Finally, the Government's fear that it will be stuck with a ruling that it neither likes nor can appeal is simply inapposite. First, as noted in *Camreta v. Greene*, 131 S. Ct. 2020 (2011), there are limited exceptions to the general rule that a prevailing party may not take an appeal. *See id.* at 2030. Second, to the extent that courts find that any ruling is not appealable, that likely would be because it lacks binding effect on other courts or judges, and the Government would remain free to argue against its application in future cases. *See id.* at 2033 n.7.

Although I intend to move forward as before, the Government's Letter likely means that the Government has not been preparing briefs as requested by my October 4, 2013 Paperless Order, ECF No. 82. Accordingly the time to file briefs on the question of whether a forensic examination of an electronic device, such as a smartphone or flash drive, seized at the border, requires reasonable suspicion is hereby EXTENDED as follows:

The Government's brief is now due on or before November 5, 2013; Defendant's response is due on or before November 22; and the Government's reply is due on or before December 6.

Although informal, this letter is an order of the Court and should be docketed as such.

Thank you.

Sincerely,

/S/
Paul W. Grimm
United States District Judge

dsy