**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA                                                                              LUCIUS T. OUTLAW III
FEDERAL PUBLIC DEFENDER                                                ASSISTANT FEDERAL PUBLIC DEFENDER

July 31, 2014

**VIA ECF & EMAIL**
Hon. Paul W. Grim
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:  *United States v. Ali Saboonchi,* PWG-13-0100

Dear Judge Grimm:

      As counsel for Mr. Saboonchi in the above-referenced case, I submit this letter in support of Mr. Saboonchi's Motion to Compel Jencks Material (Dkt. No. 198), and in anticipation of FBI Agent Abagnale's trial testimony tomorrow.

      The specific purpose of this letter is to bring to the Court's attention Jencks statements of FBI Agent Abagnale (hereinafter "Agent Abagnale FBI 302") which likely exist based on trial testimony to date, but have not been produced to the defense.  Each witness's trial testimony as it relates to the Government's production of Agent Abagnale FBI 302s, will be discussed in turn:

1) **John Elgert**
   Mr. Elgert testified that he had three meetings with government agents.  He testified that Agent Abagnale was present and participated for two of the meetings which were both in-person meetings.  In relation to Mr. Elgert, to date the Government has produced one Agent Abagnale FBI 302, and it concerns an interview conducted on March 29, 2012.

2) **Bea Greer-Wilson**
   Ms. Greer-Wilson testified that she had four communications with the Government: a meeting with the prosecuting attorneys on the day of her trial testimony; a phone call with Agent Abagnale, and two phone calls with FBI Agent Damien Lewis.  To date the Government has produced no Agent Abagnale FBI 302s concerning communications with Ms. Greer-Wilson.

3) **Darrin Kellogg**
Mr. Kellogg testified that he had three telephone communications with Agent Abagnale since he was first contacted by the agent in 2012. He also testified that he met with the prosecuting attorneys the day of his testimony (unclear if Agent Abagnale was present). In relation to Mr. Kellogg, to date the Government has produced one FBI 302 drafted and signed by FBI Agent Lindsay Gorman, and it concerns a telephone interview of Mr. Kellogg on April 8, 2013.

4) **Yousef Nejati**
Mr. Nejati testified that he had four meetings with Agent Abagnale, and two meetings with the prosecuting attorneys. In relation to Mr. Nejati, to date the Government has produced one Agent Abagnale 302, and it concerns an interview conducted on March 12, 2013.

5) **Patrick Gross**
Mr. Gross testified that he had three in-person meetings where Agent Abagale was present or conducted the interview, and an estimated ten (10) phone communications with Agent Abagnale. In relation to Mr. Gross, to date the Government has produced two Agent Abagnale FBI 302's: one concerning an in-person interview on April 3, 2012; and the other concerning a telephone interview on May 10, 2012.

In response to Mr. Saboonchi's motion (Dkt. No. 198), the Court held a telephone conference on July 25, 2014 with all parties, during which the Court provided the parties with guidance as to what constitutes Jencks material under 18 U.S.C. § 3500. Based on that guidance, it is the defense's understanding that if Agent Abagnale will testify about subject matter reflected in an Agent Abagnale FBI 302, then the Government is required to produce that FBI 302.

Based on the trial testimony discussed above, the defense re-iterates its concern that the Government has not produced all of the Agent Abagnale FBI 302s to which it is entitled pursuant to 18 U.S.C. § 3500.[1] This concern is not limited to just the vendor transactions and other events the witnesses identified above testified about, but the other vendor transactions and events for which the Government did not present a witness in its case-in-chief. If Agent Abagnale is going to testify about transactions and events which are reflected in an Agent Abagnale FBI 302, the defense believes it is entitled to the statement pursuant to 18 U.S.C. § 3500 and the guidance the Court provided on July 25, 2014.[2]

---

[1] The Government previously produced redacted grand jury testimony of Agent Abagnale. Following Agent Abagnale's direct examination, the defense will ask that the Court to order the Government to produce an unredacted transcript to the Court for *in camera* review to determine if the redacted testimony needs to be produced to the defense ahead of cross-examination.

[2] On July 31, 2104, undersigned counsel requested by email that the Government produce outstanding Jencks consistent with this letter. The Government has yet to respond.

                                                                      Respectfully,

                                                                      -----------/s/------------------

                                                                       Lucius T. Outlaw III
                                                                      Assistant Federal Public Defender

cc: AUSA Christine Manuelian (email & ECF)
    AUSA Kristi O'Malley (email & ECF)