IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PWG-13-0100** |
| | * | |
| **ALI SABOONCHI** | * | |
| | * | |

\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

Defendant has moved for a judgement of acquittal, or in the alternative, a new trial, pursuant to Federal Rules of Criminal Procedure 29(c) and 33, respectively, following a conviction for violations of United States export restrictions on trade with the Islamic Republic of Iran. Defendant argues that an acquittal or a new trial is warranted by an improper appeal to the patriotism of the jury and to anti-Iranian prejudice during the Government's rebuttal closing argument. I find no impropriety or unfair prejudice in the Government's remarks to warrant an acquittal or a new trial. Accordingly, I deny the motion.

### I. BACKGROUND

On August 11, 2014, Defendant Ali Saboonchi was convicted of one count of conspiracy to export to an embargoed country and six counts of unlawful export to an embargoed country, and one count of unlawful attempt to export to an embargoed country in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1702 & 1705 and the Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R. § 560.203–4, following a jury trial. Jury Verdict, ECF No. 231; Second Superseding Indictment, ECF No. 95.

Saboonchi's trial commenced on July 28, 2014 and spanned eleven days. Criminal Jury Trial Minutes, ECF Nos. 204 and 221. During the course of the trial, the Government presented

1

extensive evidence that Defendant Ali Saboonchi, a dual citizen of the United States and the Islamic Republic of Iran, had engaged in shipping industrial components from the United States to Iran through intermediary countries in violation of the IEEPA and the ITSR. During his testimony, Saboonchi conceded that he had requested quotes from manufacturers, placed orders, and exported the products to third countries for their subsequent shipment to Iran, but he claimed that he had not known that shipment to Iran through a third country was unlawful. Aug. 7, 2014 Trial Tr. 871:24–874:12; 879:1–10. Although Saboonchi testified that he did not possess the requisite willful and knowing intent to violate the export restrictions, the Government offered numerous statements by Saboonchi in his email communications and internet chats with co-conspirators as evidence of Saboonchi's knowing and willful violation of the law.

At closing argument, Defense counsel maintained that Saboonchi lacked motive or intent to commit the charged offenses, asking the jury, "[W]hy would Mr. Saboonchi take all of this risk if he knew that his conduct was illegal, if he knew that the consequences potentially were[?] He wasn't making any money." Aug. 8, 2014 Tr. 71:14–17, Gov't's Resp. to Def.'s Mot. for J. of Acquittal or New Trial ("Gov't's Opp'n") Ex. 1, ECF No. 245-1. Defense counsel further emphasized Saboonchi's lack of motive or intent to violate the export restrictions:

> [N]o rational person would take all of this risk with no financial reward if they knew their conduct was illegal. Mr. Saboonchi would not have knowingly put himself and his family in that situation if he knew what the potential consequences are. . . . [W]hy would he have been doing this if he knew that it was illegal[?] What did he get out of it? Nothing that the government has shown.

*Id.* at 72:11–19. On rebuttal, the Government disputed Saboonchi's claim as to his mental state by arguing that

> the question here is not about . . . money. . . . What it was about was loyalty. And the defendant himself acknowledged in his own statement to Agent Abagnale that Iran is his home. His family is there. His friends are there. That is where he

2

grew up. This case is about loyalty, his loyalty to helping his friends back home get things they couldn't otherwise get and he violated the law doing that.

Rebuttal Tr. 92:18–93:5, Gov't's Opp'n Ex. 2, ECF No. 245-2.

At the conclusion of closing arguments, following submission to the jury, Saboonchi's counsel objected to the Government's statements suggesting that Saboonchi had loyalty to Iran. *Id.* at 96:3–8. In light of the fact that the jury already had been sent out to deliberate, the objection was noted for the record.

After the jury returned a verdict convicting Saboonchi on all counts, Saboonchi filed the pending Motion for Judgment of Acquittal or a New Trial ("Def.'s Mot."), ECF No. 234, within the time provided by Fed. R. Crim. P. 29(c)(1) and 33(b)(2). In his motion, Saboonchi alleges that the Government "told the jury that the case was about Mr. Saboonchi's 'loyalty to Iran,' and that Mr. Saboonchi was loyal to Iran because it is where 'he calls home.'" *Id.* ¶ 3. Saboonchi contends that the Government's statements constituted an "appeal to the patriotism of the jury" to "invoke and inflame fear of Iran and people of Iranian descent, suspicion of Iran and people of Iranian descent, and general anti-Iranian prejudice." *Id.* ¶ 4. Further, Saboonchi asserts that the Government's comments regarding his loyalty to Iran were "especially egregious considering the tension in this country due to events in the Middle East at the time of Saboonchi's trial," and rendered the trial "a wartime prosecution that was susceptible and vulnerable to baseless characterizations of Mr. Saboonchi as unpatriotic or un-American." *Id.* ¶¶ 7–8.

The Government filed its Response to Defendant's Motion for Judgment of Acquittal or New Trial ("Gov't's Opp'n"), ECF No. 245, on September 24, 2014 and the time for a reply since has passed without a submission from Saboonchi, *see* Loc. R. 105.2(a), 207. The motion

3

now is ripe and is before me. Having reviewed the filings and trial transcripts, I find that a hearing is not necessary. Loc. R. 105.6, 207.

## II. LEGAL STANDARDS

### a. Motion for Judgment of Acquittal

Fed. R. Crim. P. 29 permits a defendant to move for judgment of acquittal after the close of all evidence, or within 14 days after a guilty verdict, regardless of whether the same motion was made prior to submission to the jury. Fed. R. Crim. P. 29(a) and (c). Following a motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In its review, the court must "'[v]iew[] the evidence in the light most favorable to the Government,'" *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (quoting *United States v. Bynum*, 604 F.3d 161, 166 (4th Cir. 2010)), and uphold a conviction if it is supported by "'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Young*, 609 F.3d 348, 355 (4th Cir. 2010) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

### b. Motion for New Trial

Pursuant to Fed. R. Crim. P. 33, a court may grant a new trial on motion by a defendant "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unless grounded on newly discovered evidence, a motion for a new trial "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The decision to order a new trial is within the sound discretion of the trial court, *see United States v. Smith*, 451 F.3d 209, 216–17 (4th Cir. 2006), but "a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs

4

heavily' against it." *Id.* (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)); *see also United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

### III. DISCUSSION

Saboonchi seeks a judgment of acquittal under Fed. R. Crim. P. 29, but he raises no contention that the evidence at trial was insufficient to sustain his conviction. Instead, Saboonchi argues that the Government's closing argument on rebuttal deprived him of a fair trial by improperly emphasizing his loyalty to Iran and appealing to the patriotism of the jury. When the requested relief is based only on a claim of prosecutorial misconduct, Fed. R. Crim. P. 29 is not the proper procedural vehicle for requesting relief. *See United States v. Odom*, 736 F.2d 104, 117 (4th Cir. 1984) (stating that "[p]atently the defendants would not be entitled to an acquittal even if there were such prejudicial prosecutorial misconduct"). Accordingly, a judgment of acquittal is improper pursuant to Fed. R. Crim. P. 29 where Saboonchi raises no challenges to the sufficiency of the evidence supporting his conviction.

Alternatively, Saboonchi requests a new trial pursuant to Fed. R. Crim. P. 33 based on the same purported prosecutorial misconduct. Undoubtedly, "[a] prejudicial argument by the prosecutor poses a serious threat to a fair trial," *Miller v. North Carolina*, 583 F.2d 701, 706 (4th Cir. 1978), but "'[i]mproper remarks during closing argument do not always mandate retrial,'" *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993) (quoting *Adams v. Aiken*, 965 F.2d 1306, 1318 (4th Cir. 1992)). A new trial is warranted only when the prosecutor's remarks "'"so infected the trial with unfairness as to make the resulting conviction a denial of due process."'" *Id.* (quoting *Adams*, 965 F.2d at 1318). The Fourth Circuit has applied a two-pronged test for reversible prosecutorial misconduct: the defendant must show (1) that the prosecutor's remarks were improper, and (2) that the remarks "'prejudicially affected the defendant's substantial rights

so as to deprive the defendant of a fair trial.'" *United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995) (citing *Mitchell*, 1 F.3d at 240); *see also United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994).

First, the Government's statements on rebuttal at closing were not improper. Improper statements by the prosecutor are those that "encourage[] the jury to convict . . . for an impermissible reason." *Mitchell*, 1 F.3d at 240. Though a prosecutor, of course, may "argue that the evidence gives rise to an inference, . . . the suggested inference must be reasonably drawn from the facts in evidence." *United States v. Willson*, 135 F.3d 291, 298 (4th Cir. 1998). Contrary to Saboonchi's claim, a careful review of the transcript does not reveal a single instance in which the Government prodded the jury to convict Saboonchi on the basis of impermissible grounds, such as patriotism or prejudice. The Government's closing arguments neither explicitly nor impliedly characterized Saboonchi as "unpatriotic or un-American," nor did the Government assert that Saboonchi was "loyal to Iran." To the contrary, the prosecution properly responded to Saboonchi's testimony at trial and arguments at closing that he lacked any financial motive to commit the charged offenses by arguing that Saboonchi's conduct was motivated by his "loyalty to helping his friends back home [in Iran] get things they couldn't otherwise get." This was a reasonable inference supported by the evidence presented at trial and was an appropriate response to Saboonchi's testimony. Consequently, I find no impropriety in the Government's remarks on rebuttal.

Moreover, the Government's remarks did not unfairly prejudice Saboonchi so as to deprive him of a fair trial. The Fourth Circuit has identified several factors relevant to the determination of prejudice:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

*United States v. Mitchell*, 1 F.3d 235, 241 (4th Cir. 1993) (quoting *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir.1983)). The issue of "[w]hether improper argument by government counsel has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial." *United States v. Harrison*, 716 F.2d 1050, 1051 (4th Cir. 1983)).

Here, there is little risk that the Government's remarks unfairly prejudiced Saboonchi or misled the jury into consideration of extraneous matters beyond the substantial evidence presented against him in the course of the eleven-day trial. The Government's statements regarding Saboonchi's loyalty to his friends and family in Iran focused narrowly on the dispute regarding his motive and intent, were relevant to proving Saboonchi's mental state, and properly were used to that end. In light of the extensive evidence presented at trial and the issues raised during closing arguments, no reasonable reading of the remarks could support a conclusion that the Government sought to incite prejudice or patriotism in the jury so as to deprive Saboonchi of a fair trial, much less that it actually did so. Accordingly, the challenged statements made by the Government neither were improper nor prejudicial, and I find no need to grant a new trial.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal or a New Trial, ECF No. 234, is DENIED.

It is so ordered.

Dated: January 28, 2015

/s/
Paul W. Grimm
United States District Judge

lq